UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MARIA E. LAO,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-07462 (FB)

Appearances:

*For the Plaintiff*:
EDDY PIERRE PIERRE
Pierre Pierre Law, P.C.
211 East 43rd Street
New York, NY 10017

*For the Defendant*:
JASON P. PECK
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    Maria E. Lao ("Lao") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. Both Lao and the Commissioner move for judgment on the pleadings. Upon review, the Court finds the decision denying Lao's application unsupported by substantial evidence, denies both parties' motions, and remands for further proceedings consistent with this Memorandum and Order.

1

I.

Lao received mental health treatment from Licensed Clinical Social Worker ("LCSW") Greg Sandler and Dr. Vadim Azbel, and treatment for spinal stenosis from Dr. Jeffrey Tambor.

As to Lao's mental health, a 2015 psychiatric evaluation diagnosed her with bipolar disorder, anxiety, PTSD (based on a history of sexual abuse), depressive disorder, cognitive problems (such as trouble concentrating, remembering information, and staying alert), sleep disturbances, excessive worries, irritability, and dissociative issues manifesting in Lao's avoidance of people and places. The same evaluation assessed her psychiatric status as "unstable." R. 455.

A Mental Impairment Questionnaire prepared two years later, in August 2017, similarly reported that Lao was easily distractible, could be disoriented to time and/or place, and had poor memory, difficulty concentrating, persistent irrational fears, recurrent panic attacks, and unstable interpersonal relationships. The same Questionnaire assessed Lao with "marked" limitations (most severe) in understanding and memory, and moderate-to-marked limitations (second most severe) in concentration and persistence, social interactions, and adaptation. R. 887.

Then in December 2017, Dr. Azbel submitted a supplemental assessment opining that Lao was "increasingly lash[ing] out" at others, had "severe" limitations in concentration and focusing on simple tasks, "often" exhibited "desultory

2

thoughts," had stopped using public transportation entirely (she previously used public transportation "once every four or five months or so," R. 69) , and that her "ability to function . . . ha[d] deteriorated significantly."  R. 1485.

For her spinal stenosis, Lao also received monthly treatment since 2007 from Dr. Tambor.  In a June 2017 Disability Impairment Questionnaire, Dr. Tambor reported that Lao's physical impairments limited her to lifting and carrying no more than five pounds, and sitting for one hour and standing/walking for less than one hour in an eight-hour workday. R. 801.  Dr. Tambor further opined that Lao's physical symptoms were severe enough to interfere with her attention and concentration, that Lao would need to take unscheduled breaks at unpredictable intervals every fifteen minutes for fifteen minutes, and that she would be absent more than three times a month due to her impairments.  R. 801–02.

Finally, the Commissioner's medical expert Dr. Angelica Nguyen assessed that Lao could occasionally lift up to twenty pounds, sit for six hours total, stand for two hours total, and walk for two hours total in an eight-hour workday.  R. 1490.

\* \* \*

Lao, born August 18, 1957, applied for SSD and SSI in April 2015, alleging disability due to depressive disorder, post-traumatic stress disorder (PTSD), anxiety disorder, degenerative disc disease of the lumbar and cervical spine, bilateral knee arthritis and meniscal tears, and obesity.  When her claim was denied, Lao sought

and participated in a hearing before Administrative Law Judge ("ALJ") David Suna. Applying the five-step evaluation process prescribed in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4),[1] ALJ Suna rendered a decision in March 2018, denying Lao's disability application ("Decision").

In relevant part, ALJ Suna concluded Lao's impairments were "severe" but that she nevertheless retained a residual functional capacity ("RFC") to perform "sedentary work." Under 20 CFR 404.1567(a), "sedentary" work is "defined as one which involves sitting, [with] a certain amount of walking and standing [as] necessary in carrying out job duties" and "involves lifting no more than 10 pounds at a time." ALJ Suna concluded Lao was unable to perform her past work as a "payment processor" or "payment clerk," but that she was able to perform "jobs existing in significant numbers in the national economy" (such as an "Invoice Control Clerk") and so did not qualify for disability benefits. The Decision became final in 2018, when the Appeals Council summarily denied Lao's petition for review.

---

[1] The Commissioner must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014). The burden of proof is on the claimant but shifts to the Commissioner at the fifth step. *Id.*

## II.

The Court may set aside a final determination that is "based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). An ALJ may not ignore "relevant and probative evidence which is available," *Lopez v. Sec'y of Dep't of Health & Human Servs.*, 728 F.2d 148, 150–51 (2d Cir. 1984).

\* \* \*

The Decision alternatively omits or misrepresents important parts of the medical record. First, the ALJ's stated-reason for giving little weight to the medical opinion of LCSW Sandler and Dr. Azbel is the existence of "inconsistent . . . treatment notes" documenting Lao had "'fair sleep' and appetite and reflect" better "mood stability." Decision 11. However, all of those treatment notes pre-date Dr. Azbel's December 2017 assessment reporting "increasingly" sever symptoms and a "significantly" deteriorating "ability to function." The ALJ's Decision is devoid of explanation as to the why the more recent assessment, showing declining mental health, is inconsistent with older treatment notes that reflect Lao previously had "fair sleep" and better mood stability. An ALJ may not "pick and choose . . . only such

5

evidence that supports his determination, without affording consideration to evidence supporting the plaintiff's claims." *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004).

Moreover, after giving Dr. Tambor's physical assessment little weight and affording great weight to the opinion of medical expert Dr. Nguyen, the ALJ settled on an RFC for sedentary work with a very specific list of functional limitations—including that Lao "would have 1 unscheduled absence per month" and be "off-task 5% of the time" (in addition to normal breaks) in an 8-hour work day. Decision 21.[2]

An "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p. Here, even accepting the ALJ's determination that Dr. Tambor's opinion—which identified very different limitations, *see* R. 801–02—was due little weight, the ALJ does not explain how he arrived at the restrictions identified in the Decision. For instance, the Decision cites no support for selecting "5%" off-task-time as the appropriate benchmark, nor does it explain why sedentary work—which entails lifting up to 10 pounds—was deemed appropriate when Dr. Nguyen assessed Lao could lift up to 20 pounds, (corresponding to an ability to perform light work). 20 C.F.R. § 404.1567(b).

---

[2] Other postural, manipulative and environmental restrictions include that Lao "c[ould] tolerate a loud noise environment" and should be "limited to more than simple but less than complex tasks, but not at a production rate pace." R. 21.

6

Ultimately, the RFC is a patchwork of medical determinations that lack a clear basis in the record's medical evidence. "Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010). If the ALJ was unsatisfied with the available medical opinions, it was his duty to develop the record further rather than settle on other, unsupported RFC assessments. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2010) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings."). Without further elaboration, the Court cannot agree that the denial of Lao's application is properly based on substantial evidence.

## III.

For the foregoing reasons, both motions for judgment on the pleadings are denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

  /S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
July 21, 2020