UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MARIA E. LAO,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-7462-FB

**BLOCK, Senior District Judge:**

Plaintiff Maria E. Lao ("Lao") received disability benefits after the Social Security Administration's ("SSA's") denial of her application was vacated and her case was reheard upon remand. Lao's attorney, Eddy Pierre Pierre ("Pierre"), now seeks approval of his contingency-fee agreement for 25% of his client's past-due benefits, or $29,117.25. The request for fees is granted contingent upon Pierre's refund of the fee award he previously received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

18 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether

the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). To determine whether a requested fee award that falls within the 25% cap constitutes a windfall, the Court should consider: (i) the expertise and ability of counsel and whether they were particularly efficient; (ii) the nature and length of the professional relationship with the claimant, including any representation at the agency level; (iii) the satisfaction of the disabled claimant; and (iv) how uncertain it was that the case would result in an award of benefits. *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Pierre's requested fee award is no greater than the 25% maximum allowed by statute and there is no allegation of fraud or overreach. As to the windfall assessment, there are no objections to Pierre's expertise or the quality of his representation. He has represented Lao since December 2018, including at the district court level in her appeal of the unfavorable administrative decision she received, and during the rehearing of her claim at the administrative level after it was remanded. There is no evidence on the record to suggest that Lao is unsatisfied with Pierre's representation or the successful outcome of the claim. Lastly, there was uncertainty as to whether Lao would be found disabled, since her claim was initially denied. Pierre spent a reasonable 54.56 hours on Lao's case, making his effective hourly rate $533.67 per hour. This is well within the range of hourly rates deemed reasonable by courts in this circuit. *See, e.g., Baron v.*

*Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th 845, 856 (2d Cir. 2022) (finding reasonable a fee request at a de facto hourly rate of $1,556.98).

However, this fee request presents an issue of timeliness. Federal Rule of Civil Procedure 54(d)(2)(B) allows attorneys fourteen days from receipt of the claimant's notice of benefits calculation to file a request for fees. *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89. Still, Rule 54's "fourteen-day limitations period is not absolute," and "district courts may enlarge th[e] filing period where circumstances warrant." *Id*.

Pierre's admits that his fee request was filed 88 days after the fourteen-day filing period ended. He contends that his delay is due to his office staff working remotely as a result of the COVID-19 pandemic during the period in question. For this reason, and because he would otherwise be substantially prejudiced, he asks the Court to find his motion timely despite its delay. Courts in this district have repeatedly opted to enlarge the filing period as a result of delays attributed to the COVID-19 pandemic. *See, e.g.*, *Williams v. Comm'r of Soc. Sec.*, 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) (deeming a fee request timely that was made nearly four months after the fourteen-day filing period ended because the attorney was working from home due to the COVID-19 pandemic); *Ward v. Kijakazi*, 2023 WL 329210, at *3 (S.D.N.Y. Jan. 20, 2023) (considering a motion brought by Pierre after the fourteen-day window closed timely

because his office was limited in staff who process mail due to the pandemic).[1]

Accordingly, the Court considers Pierre's motion timely in this instance.

The Court approves disbursement of the fee award to Pierre in the amount requested. However, because he previously received a $8,353.20 fee award under the EAJA, he must first refund this amount to Lao as required by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)). Contingent upon Pierre's refund of $8,353.20 to Lao, the Commissioner of Social Security is ordered to disburse $29,117.25, to Pierre.

                                                          _/S/ Frederic Block_____
                                                          FREDERIC BLOCK
                                                          Senior United States District Judge

Brooklyn, New York
April 19, 2023

---

[1] Pierre and similarly situated attorneys should take note that with the lifting of COVID-19 restrictions, this justification for finding delayed fee requests timely is unlikely to be available moving forward.